```
                   UNITED STATES DISTRICT COURT

                    DISTRICT OF MASSACHUSETTS (Boston)

                           No. 1:23-cv-11898-WGY


  NEW BALANCE ATHLETICS, INC.,
           Plaintiff


  vs.


  GOLDEN GOOSE USA, INC.,
           Defendant


                            *********


                     For Hearing Before:
                     Judge William G. Young



                     United States District Court
                     District of Massachusetts (Boston)
                     One Courthouse Way
                     Boston, Massachusetts 02210
                     Wednesday, January 17, 2024


                            *******


             REPORTER: RICHARD H. ROMANOW, RPR
                    Official Court Reporter
                 United States District Court
        One Courthouse Way, Room 5510, Boston, MA 02210
                       rhrbulldog@aol.com
```

```
 1                   A P P E A R A N C E S

 2


 3    MARK S. PUZELLA, ESQ.
         Orrick, Herrington & Sutcliffe, LLP
 4       222 Berkley Street
         Boston, MA 02116
 5       (617) 880-1800
         Email: Mpuzella@orrick.com
 6       For plaintiff


 7


 8    JOHN P. MARGIOTTA, ESQ.
      SHELBY P. ROKITO, ESQ.
 9       Fross Zelnick Lehrman & Zissu, P.C.
         151 West 42nd Street
10       Ste 17th Floor
         New York, NY 10036
11       (212) 813-5900
         Email: Jmargiotta@fzlz.com
12    and
      JENNIFER B. FUREY, ESQ.
13       Goulston & Storrs
         400 Atlantic Avenue
14       Boston, MA 02110
         (617) 737-0374
15       Email: Jfurey@goulstonstorrs.com
         For defendant
16

17

18

19

20

21

22

23

24

25
```

```
 1            P R O C E E D I N G S
 2            (Begins, 2:45 p.m.)
 3            THE CLERK:  Now hearing Civil Matter 23-11898, New
 4    Balance vs. Golden Goose.
 5            (Pause.)
 6            THE COURT:  Counsel?
 7            MR. PUZELLA:  Good afternoon, your Honor, Mark
 8    Puzella on behalf of the New Balance.
 9            MR. MARGIOTTA:  Good afternoon, your Honor, John
10    Margiotta, Fross Zelnick Lehrman & Zissu, for defendant
11    Golden Goose.
12            MS. ROKITO:  Shelby Rokito also for the defendant,
13    Golden Goose.
14            MS. FUREY:  Jennifer Furey from Goulston & Storrs,
15    also for Golden Goose.
16            THE COURT:  And good afternoon to all of you.
17            Now this is your motion to dismiss and I'll hear
18    you.
19            MR. MARGIOTTA:  Thank you, your Honor.  I'll just
20    -- given the brevity of time, I'll cut right to the main
21    point of our argument, your Honor.
22            We believe that New Balance has sued based on
23    alleged common law rights in a shoe that they designated
24    the "990."  Our assertion is that the 990 is a legal
25    fiction, your Honor.  It is a product that was
```

1    introduced in 1982, according to the complaint.  From
2    1982 until 1998, it was Version 1, your Honor.  16 years
3    of the 40-plus years of use, they've admitted in their
4    opposition.  Those 16 years don't count.  That shoe
5    looks nothing like the remaining five versions.
6         After 1998, your Honor, they've again just
7    redesigned it five times.  In the entire 40-plus years
8    that this product has been on the market, your Honor,
9    they have never once sought to register the mark or
10   obtain a registration with the Patent and Trademark
11   Office.
12        So they come here with a very high burden to be
13   very specific about what features of this shoe are
14   source-identifying, your Honor -- what features of this
15   shoe, when immediately seen, are recognized by consumers
16   as source-identifying?  And to believe that it's source-
17   identifying, you'd have to strip off the big "N" on the
18   shoe, your Honor, and you'd have to strip off everything
19   else other than what they've articulated, and our
20   assertion is that when you do that, no one would
21   recognize that as a shoe that comes from a particular
22   company, it's just another running shoe, your Honor.
23        And when you look at the -- what they've pleaded
24   in Paragraph 41, they have 7 elements of their trade
25   dress, there you can see the inconsistency in the

1  pleading, because for four of them, your Honor, they
2  have caveated the alleged characteristics of their trade
3  dress with the word "usually."  In their opposition
4  papers, they've said "Well we actually didn't mean it to
5  apply to the actual definition of 'trade dress,' what we
6  meant is that it's usually for purpose it would likely
7  to cause confusion."
8       THE COURT:  Here's my problem, and I really
9  appreciate your stepping up, because you have, and
10 you've gotten right to the heart of it.  But you're
11 attacking it on a motion to dismiss, and I have to give
12 every reasonable inference in favor of New Balance.
13      Now let me say, on the record, um, you know a
14 prompt motion for summary judgment would be entertained
15 by the Court, but I don't see how I can, um, against the
16 standard for a motion to dismiss, just close the
17 courthouse doors, and, um, respectfully I'm not.  The
18 motion is denied.
19      We'll, um, I don't -- I want to save you time and
20 money, so let's deal with the matters under 16.1 right
21 now.
22      When do you want to go to trial on this?
23      MR. PUZELLA:  Forgive me, your Honor, I wasn't
24 anticipating that question.  Um --
25      THE COURT:  Well respectfully, um, if you were

1    confident in your case, you should have been.  When
2    would you like to go to trial?
3            MR. PUZELLA:  Perhaps, um --
4            THE COURT:  I'm not saying tomorrow.
5            MR. PUZELLA:  No, I understand that.  Mid fall I
6    think.
7            THE COURT:  Mid fall.  November?
8            MR. PUZELLA:  The difficulty with these type of
9    cases, your Honor, is that it's going to involve a
10   substantial amount of expert testimony so we need to
11   retain and --
12           THE COURT:  And everyone needs to get busy now.
13           MR. PUZELLA:  Yes, exactly.
14           THE COURT:  How about putting it on the November
15   running trial list?  The defense, want more time?
16   November?
17           MR. MARGIOTTA:  November of 2024?
18           THE COURT:  Of this year.
19           MR. MARGIOTTA:  Your Honor, may I be heard further
20   on our motion at all?  Because this is part of the issue
21   for us.  Respectfully I understand you don't want to
22   close the court door to it, but the issue for us is this
23   is going to be enormously expensive, and I haven't --
24   but it's an ill-defined trade dress, I don't know what
25   the relief in a case of this sort would look like?  I

1  mean if you look at how they've --
2     THE COURT: You know because I say you've lost
3  your motion to dismiss, don't take it that I'm somehow
4  hostile to any of the arguments you've made, I'm not.  I
5  have a problem, candidly, with a motion to dismiss.
6  I've read this and I've read everything favorable to
7  them, and therefore I have assumed that expert
8  testimony, if expert testimony is necessary, will go all
9  their way.  It's within the statute of limitations.  I
10 think that, um -- a motion to dismiss closes the
11 courthouse doors on this record.  Not enough.
12    Now, yes, litigation is expensive.  I'm not going
13 to allow -- there is now, in the rules of discovery,
14 proportionality.  I take that very seriously.  And
15 likewise I'm -- I try not to speak to hear myself, I
16 think they've got a problem in a well-pleaded motion for
17 summary judgment.
18    So -- but I'm asking how -- as these things turn
19 out, time is money.  If we put it on for November, and
20 I'm strict about that, it looks like everyone will face
21 up to what we've really got here.  But I -- you could
22 have a little longer than that, if you want it?
23    MR. MARGIOTTA: As the defendant, your Honor, I'm
24 not looking for more time.
25    THE COURT: Well how about January of 2025?

```
1          MR. MARGIOTTA:  No, I'm sorry, I said I'm not
2     looking for more time.
3          THE COURT:  Oh, okay.
4          MR. MARGIOTTA:  November is fine.
5          THE COURT:  Oh, November's fine.
6          It's on the running trial list for November 2024.
7     Two weeks from today's date to file a joint proposed
8     case-management schedule.  Be reasonable, because like a
9     baseball arbitrator, I will pick the plan of discovery
10    and dispositive motions and the like that is most
11    reasonable.  You do not have to agree on everything, but
12    if you don't agree, I want a plaintiff's version and the
13    defense's version as to each disputed item, and I will
14    pick of the two the one that is the most reasonable.
15         That's the order of the Court.  Thank you.
16         (Ends 2:45 p.m.)
17
18
19
20
21
22
23
24
25
```

```
 1                    C E R T I F I C A T E
 2
 3
 4        I, RICHARD H. ROMANOW, OFFICIAL COURT REPORTER,
 5   do hereby certify that the foregoing record is a true
 6   and accurate transcription of my stenographic notes
 7   before Judge William G. Young, on Wednesday, January 17,
 8   2024, to the best of my skill and ability.
 9
10
11
12   /s/ Richard H. Romanow 02-01-24
     _____
13   RICHARD H. ROMANOW    Date
14
15
```