IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW BALANCE ATHLETICS, INC.,<br><br>        *Plaintiff*,<br><br>- against -<br><br>GOLDEN GOOSE USA, INC.,<br><br>        *Defendant*. | Civil Action No.: 23-cv-11898 (WGY)<br><br>**JURY TRIAL DEMANDED** |
| GOLDEN GOOSE USA, INC.,<br><br>      *Counterclaim Plaintiff*,<br><br>- against -<br><br>NEW BALANCE ATHLETICS, INC.,<br><br>      *Counterclaim Defendant*. | |

**GOLDEN GOOSE USA, INC.'S ANSWER,
AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendant Golden Goose USA, Inc. ("Golden Goose"), by its undersigned counsel, for its Answer to the complaint filed by Plaintiff New Balance Athletics, Inc. ("New Balance") (ECF No. 1, the "Complaint"), states as follows:

**RESPONSE TO INTRODUCTION**

1. Golden Goose admits that New Balance has brought an action in which New Balance alleges that Golden Goose has infringed rights in a purported common law trade dress that New Balance claims to own. Golden Goose otherwise denies the allegations in Paragraph 1 of the Complaint.

1

2.	Golden Goose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint, and therefore denies the same.

3.	Golden Goose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and therefore denies the same.

4.	Golden Goose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint, and therefore denies the same.

5.	Golden Goose admits that it began selling a shoe called the "Dad-Star" in late 2020 and otherwise denies the allegations in Paragraph 5 of the Complaint.

6.	Golden Goose denies the allegations in Paragraph 6 that it adopted "a confusingly similar design," that "Golden Goose prominently uses shades of grey," that Golden Goose offers a shoe model that is "infringing," and that any shoe model offered by Golden Goose creates a "likelihood of confusion." Golden Goose admits that the article referenced in Paragraph 6 as "Exhibit 4" contains the quote that New Balance cites. As to the remainder of the allegations in Paragraph 6 of the Complaint, Golden Goose lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies the same.

7.	Golden Goose admits that it adopted the name "Dad-Star" for a line of sneakers, but denies the allegation in Paragraph 7 that this name "uniquely indicates New Balance." Golden Goose admits that the article referenced in Paragraph 7 as "Exhibit 6" contains the quote that New Balance cites. As to the remainder of the allegations in Paragraph 7 of the Complaint, Golden Goose lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies the same.

8. Golden Goose admits that the article referenced in Paragraph 8 of the Complaint as "Exhibit 8" contains the quote that New Balance cites. Golden Goose denies the remainder of the allegations in Paragraph 8.

9. Golden Goose denies the allegations in Paragraph 9 of the Complaint.

10. Golden Goose denies the allegations in Paragraph 10 of the Complaint.

11. Golden Goose denies the allegations in Paragraph 11 of the Complaint.

## RESPONSE TO PARTIES

12. Golden Goose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint, and therefore denies the same.

13. Golden Goose admits the allegations in Paragraph 13 of the Complaint.

## RESPONSE TO JURISDICTION AND VENUE

14. Paragraph 14 of the Complaint contains conclusions of law as to which no response is required. To the extent a response is required, Golden Goose admits that this Court has subject matter jurisdiction over this action, but denies that the claims have any merit or validity.

15. Paragraph 15 of the Complaint contains conclusions of law as to which no response is required. To the extent a response is required, Golden Goose admits that venue is proper in this Court for purposes of this case.

16. Golden Goose denies the allegations in Paragraph 16 of the Complaint, but admits that Golden Goose sells goods within Massachusetts, that there is a Golden Goose brand retail store in Boston, Massachusetts that employs individuals, that Golden Goose-brand goods are distributed to third-party retailers that sell Golden Goose-brand goods in Massachusetts, and that Golden Goose maintains a website available in Massachusetts that facilitates and/or enables users to purchase Golden Goose-brand goods.

## **RESPONSE TO FACTS**

17. Golden Goose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint, and therefore denies the same.

18. Golden Goose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint, and therefore denies the same.

19. Golden Goose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint, and therefore denies the same.

20. Golden Goose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint, and therefore denies the same.

21. Golden Goose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint, and therefore denies the same.

22. Golden Goose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint, and therefore denies the same.

23. Golden Goose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint, and therefore denies the same.

24. Golden Goose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint, and therefore denies the same.

25. Golden Goose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint, and therefore denies the same.

26. Golden Goose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint, and therefore denies the same.

27. Golden Goose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint, and therefore denies the same.

28. Golden Goose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint, and therefore denies the same.

29. Golden Goose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint, and therefore denies the same.

30. Golden Goose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint, and therefore denies the same.

31. Golden Goose admits that the articles referenced in Paragraph 31 of the Complaint as "Exhibit 1," "Exhibit 2," "Exhibit 3," "Exhibit 9," and "Exhibit 10" contain the quotes New Balance cites in this Paragraph. Golden Goose lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 31, and therefore denies the same.

32. Golden Goose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint, and therefore denies the same.

33. Golden Goose admits that the article referenced in Paragraph 33 of the Complaint as "Exhibit 11" contains the quote New Balances cites in this Paragraph. Golden Goose lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 33, and therefore denies the same.

34. Golden Goose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint, and therefore denies the same.

35. Golden Goose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint, and therefore denies the same.

36. Golden Goose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint, and therefore denies the same.

37. Golden Goose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint, and therefore denies the same.

38. Golden Goose admits that the article referenced in Paragraph 38 of the Complaint as "Exhibit 1" contains the quote New Balance cites in this Paragraph. Golden Goose lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 38, and therefore denies the same.

39. Golden Goose denies the allegation in Paragraph 39 of the Complaint.

40. Golden Goose denies the allegation in Paragraph 40 of the Complaint.

41. Golden Goose denies the allegations in Paragraph 41 of the Complaint.

42. Golden Goose denies that the images in Paragraph 42 of the Complaint illustrate elements capable of being claimed as protectable trade dress.

43. Golden Goose denies that there is any such trade dress as the "990 Trade Dress," and therefore denies the allegation in Paragraph 43 of the Complaint.

44. Golden Goose denies that there is any such trade dress as the "990 Trade Dress," and therefore denies the allegations in Paragraph 44 of the Complaint.

45. Golden Goose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint, and therefore denies the same.

46. Golden Goose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint, and therefore denies the same.

47. Golden Goose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint, and therefore denies the same.

48. Golden Goose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint, and therefore denies the same.

49. Golden Goose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint, and therefore denies the same.

50. Golden Goose admits that the articles referenced in Paragraph 50 of the Complaint as "Exhibit 4," "Exhibit 12," "Exhibit 13," "Exhibit 14," "Exhibit 15," and "Exhibit 16" contain the quotes cited in this Paragraph. Golden Goose lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 50, and therefore denies the same.

51. Golden Goose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint, and therefore denies the same.

52. Golden Goose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint, and therefore denies the same.

53. Golden Goose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint, and therefore denies the same.

54. Golden Goose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint, and therefore denies the same.

55. Golden Goose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint, and therefore denies the same.

56. Golden Goose admits that the articles referenced in Paragraph 56 of the Complaint as "Exhibit 17," "Exhibit 18," "Exhibit 19," and "Exhibit 20" contain the quotes New Balance cites in this Paragraph. Golden Goose lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 56, and therefore denies the same.

57. Golden Goose denies the allegation in Paragraph 57 of the Complaint.

58. Golden Goose denies the allegations contained in Paragraph 58 of the Complaint, but admits that the entity that is now called "Golden Goose S.p.A" was founded in 2000 in Italy and that Golden Goose S.p.A "designs and sells footwear and apparel." Golden Goose further admits that Golden Goose S.p.A "sells" footwear and apparel "[i]n conjunction with its United States subsidiary Golden Goose USA, Inc.," but denies that Golden Goose USA, Inc. "designs" footwear and apparel, including in conjunction with Golden Goose S.p.A.

59. Golden Goose denies the allegation in Paragraph 59 of the Complaint and avers that Golden Goose began selling the "Dad-Star" shoe in the United States in October 2020.

60. Golden Goose admits that certain of the "Dad-Star" shoes retail on the Golden Goose website at a price of $625.00 and avers that other shoes sold under the "Dad-Star" model name retail at different prices, including on the Golden Goose website.

61. Golden Goose lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint, and therefore denies the same.

62. Golden Goose denies the allegations in Paragraph 62 of the Complaint.

63. Golden Goose denies the allegations in Paragraph 63 of the Complaint.

64. Golden Goose denies the allegations in Paragraph 64 of the Complaint.

65. Golden Goose denies the allegations in Paragraph 65 of the Complaint.

66. Golden Goose denies the allegations in Paragraph 66 of the Complaint.

67. Golden Goose denies the allegations contained in Paragraph 67 of the Complaint except admits that the article referenced therein as "Exhibit 8" contains the quote New Balance cites in this Paragraph.

68. Golden Goose denies the allegations in Paragraph 68 of the Complaint.

69. Golden Goose admits that it uses the Internet, digital magazines and social media platforms to market its goods, and that Golden Goose's goods are routinely the topic of discussion in fashion magazines and on popular fashion websites, blogs, and social media posts. Golden Goose lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 69 of the Complaint, and therefore denies the same.

70. Golden Goose denies the allegations contained in Paragraph 70 of the Complaint, except admits that it sells its goods through the Internet and retail stores, including Saks Fifth Avenue and Nordstrom.

71. Golden Goose denies the allegations contained in Paragraph 71 of the Complaint.

72. Golden Goose denies the allegations contained in Paragraph 72 of the Complaint, except admits that New Balance never authorized or licensed Golden Goose to use its "990 Trade Dress," but denies that there is any such trade dress as the "990 Trade Dress" or that any permissions were required, and denies that Golden Goose is using the "990 Trade Dress."

73. Golden Goose denies the allegations in Paragraph 73 of the Complaint.

74. Golden Goose denies the allegations in Paragraph 74 of the Complaint.

75. Golden Goose denies the allegations in Paragraph 75 of the Complaint.

76. Golden Goose denies the allegations in Paragraph 76 of the Complaint.

## **RESPONSE TO COUNT I**

77. Golden Goose responds in the manner set forth above to those paragraphs incorporated by reference in Paragraph 77 of the Complaint.

78. Golden Goose denies the allegations in Paragraph 78 of the Complaint.

79. Golden Goose admits that New Balance offered footwear under the "990" designation before Golden Goose offered footwear under the "Dad-Star" designation, but denies

that New Balance owns a valid or protectable "990 Trade Dress," and therefore denies the remainder of the allegations in Paragraph 79 of the Complaint.

80.Golden Goose denies the allegations in Paragraph 80 of the Complaint.

81.Golden Goose admits that it sells, offers for sale, distributes, and advertises footwear under the "Dad-Star" name and otherwise denies the allegations in Paragraph 81 of the Complaint.

82.Golden Goose denies the allegations in Paragraph 82 of the Complaint.

83.Golden Goose denies the allegations in Paragraph 83 of the Complaint.

84.Golden Goose denies the allegations in Paragraph 84 of the Complaint.

85.Golden Goose denies the allegations in Paragraph 85 of the Complaint.

86.Golden Goose denies the allegations in Paragraph 86 of the Complaint.

87.Golden Goose denies the allegations in Paragraph 87 of the Complaint.

## RESPONSE TO COUNT II

88.Golden Goose responds in the manner set forth above to those paragraphs incorporated by reference in Paragraph 88 of the Complaint.

89.Golden Goose denies the allegations in Paragraph 89 of the Complaint.

90.Golden Goose admits that New Balance offered footwear under the "990" designation before Golden Goose offered footwear under the "Dad-Star" designation, but denies that New Balance owns a valid or protectable "990 Trade Dress" and that Golden Goose is using a "confusingly similar design," and therefore denies the remainder of the allegations in Paragraph 90 of the Complaint.

91.Golden Goose denies the allegations in Paragraph 91 of the Complaint.

92.Golden Goose denies the allegations in Paragraph 92 of the Complaint.

93.Golden Goose denies the allegations in Paragraph 93 of the Complaint.

94. Golden Goose denies the allegations in Paragraph 94 of the Complaint.

95. Golden Goose denies the allegations in Paragraph 95 of the Complaint.

96. Golden Goose denies the allegations in Paragraph 96 of the Complaint.

97. Golden Goose denies the allegations in Paragraph 97 of the Complaint.

### **RESPONSE TO COUNT III**

98. Golden Goose responds in the manner set forth above to those paragraphs incorporated by reference in Paragraph 98 of the Complaint.

99. Golden Goose denies the allegations in Paragraph 99 of the Complaint.

100. Golden Goose admits that New Balance offered footwear under the "990" designation before Golden Goose offered footwear under the "Dad-Star" designation, but denies that New Balance owns a valid or protectable "990 Trade Dress" and that Golden Goose is using a "confusingly similar design," and therefore denies the remainder of the allegations in Paragraph 100 of the Complaint.

101. Golden Goose denies the allegations in Paragraph 101 of the Complaint.

102. Golden Goose denies the allegations in Paragraph 102 of the Complaint.

103. Golden Goose denies the allegations in Paragraph 103 of the Complaint.

104. Golden Goose denies the allegations in Paragraph 104 of the Complaint.

### **RESPONSE TO PRAYER FOR RELIEF**

New Balance's prayer for relief does not require a response, but to the extent any answer is required, Golden Goose denies that New Balance is entitled to the relief requested or to any relief whatsoever.

**FIRST AFFIRMATIVE DEFENSE**
(**Trade Dress Invalidity – Failure to Describe Trade Dress**)

105. New Balance's pleaded trade dress is not registered with the United States Patent & Trademark Office.

106. For New Balance to plead valid and protectable trade dress rights in an unregistered product design, New Balance bears the burden to offer a precise expression of the character and scope of its claimed trade dress.

107. New Balance failed, as a matter of law, to offer a precise expression of the character and scope of its claimed trade dress in its Complaint.

108. New Balance's claims are barred because its purported trade dress rights are invalid and unenforceable against Golden Goose.

**SECOND AFFIRMATIVE DEFENSE**
(**Trade Dress Invalidity – No Secondary Meaning**)

109. New Balance's pleaded trade dress is not registered with the United States Patent & Trademark Office.

110. For New Balance's pleaded trade dress in an unregistered product design to receive protection under Section 43(a) of the Lanham Act, it must have acquired secondary meaning, i.e., it must indicate a single source in the minds of consumers for the goods at issue.

111. New Balance's pleaded trade dress is not understood by the consuming public as identifying New Balance as the source or origin of products bearing the pleaded trade dress.

112. New Balance's claims are barred because its purported trade dress rights are invalid and unenforceable against Golden Goose.

## THIRD AFFIRMATIVE DEFENSE
### (Trade Dress Invalidity – Functionality)

113. New Balance's pleaded trade dress is not registered with the United States Patent & Trademark Office.

114. For New Balance's pleaded trade dress in an unregistered product design to receive protection under Section 43(a) of the Lanham Act, New Balance bears the burden of demonstrating that the trade dress is non-functional. 15 U.S.C. § 1125(a)(3).

115. New Balance impermissibly seeks trade dress protection for functional features and the combination of features in which New Balance claims trade dress protection is functional.

116. New Balance's claims are barred because its purported trade dress rights are invalid and unenforceable against Golden Goose.

## FOURTH AFFIRMATIVE DEFENSE
### (Trade Dress Invalidity – Genericness)

117. Under Section 45 of the Lanham Act, 15 U.S.C. § 1127, a generic designation may not function as a trademark.

118. New Balance does not have, and has not alleged that it has, a registration for its pleaded trade dress.

119. The combination of elements identified in the Complaint as comprising New Balance's pleaded trade dress is generic and cannot be appropriated as a trademark or as trade dress.

120. New Balance's claims are barred because its purported trade dress rights are invalid and unenforceable against Golden Goose.

## FIFTH AFFIRMATIVE DEFENSE
### (Estoppel)

121. New Balance is estopped by its own actions and failure to act, including acquiescing in third-party uses of the same and similar product designs, from making the claims in the Complaint.

## RESERVATION OF ADDITIONAL DEFENSES

Golden Goose respectfully reserves all rights to amend its Answer to add any additional defenses available to it in law or equity, as may be discovered over the course of this litigation.

## PRAYER FOR RELIEF

WHEREFORE, Golden Goose prays for judgment as follows:

A. Dismissing New Balance's Complaint in its entirety, with prejudice;

B. Entering judgment in Golden Goose's favor on all counts of the Complaint;

C. Denying New Balance's requests for injunctive relief, recall and destruction;

D. Denying New Balance's requests for monetary relief in any form;

E. Declaring that this case is exceptional and awarding Golden Goose its costs and attorneys' fees incurred in defending this action; and

F. Awarding Golden Goose all such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Golden Goose hereby requests a trial by jury of all issues so triable.

## COUNTERCLAIM

Defendant and Counterclaim-Plaintiff Golden Goose USA, Inc. ("Golden Goose"), through its undersigned counsel, alleges the following counterclaim against Plaintiff and Counterclaim-Defendant New Balance Athletics, Inc. ("New Balance"):

## PARTIES

1.  Counterclaim Plaintiff Golden Goose USA, Inc. is a Delaware corporation with a principal place of business at 120 Broadway, New York, New York 10271.

2.  Counterclaim Defendant New Balance Athletics, Inc. is a Massachusetts corporation with its principal place of business at 100 Guest Street, Boston, Massachusetts 02135.

## JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331, 1339, 28 U.S.C. § 2201, § 2202 and 15 U.S.C. § 1051, et seq.

4.  New Balance has consented to the personal jurisdiction of this Court by at least commencing and pursuing this action for trade dress infringement in this District.

5.  Based on New Balance's Complaint, it maintains a principal place of business in this District. Accordingly, venue is proper at least under 28 U.S.C. § 1391(b).

## FIRST COUNTERCLAIM
### (Declaration of No Common Law Trade Dress Rights in the New Balance 990 Shoe)

6.  This is a counterclaim for a declaration that the overall design of what New Balance has identified as its 990 shoe, which New Balance claims constitutes protectable common law trade dress, does not constitute protectable trade dress in any of its six iterations, or collectively because the design lacks secondary meaning, is functional and is not an indicator of source.

7.  Golden Goose distributes and sells footwear under the GOLDEN GOOSE name and mark in the United States.

8. Upon information and belief, New Balance distributes footwear in the United States under the name and mark NEW BALANCE.

9. New Balance claims to own common law trade dress in the overall design used for a model of footwear that it calls the 990.

10. On August 18, 2023, New Balance commenced this action against Golden Goose based on Golden Goose's manufacture, offering for sale and sale of its Dad-Star sneaker.

11. Golden Goose is entitled to offer for sale, advertise, promote, distribute and sell its Dad-Star sneaker and any other shoe without threat of action from New Balance based on New Balance's purported rights in its 990 shoe because the overall design of the 990 is not protectable trade dress and is in the public domain.

12. Golden Goose is in need of, and is entitled to, a judicial declaration that the design for New Balance's 990 shoe, in each and every iteration, and collectively, does not function as an indicator of source and therefore New Balance does not own any common law trade dress rights in that design.

13. An actual case or controversy exists between New Balance and Golden Goose as to whether the overall design of the 990 shoe constitutes a protectable common law trade dress.

14. Though the 990 shoe has not acquired secondary meaning, is functional and non-source identifying, New Balance has brought this action claiming false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a), trademark infringement under Massachusetts law, Mass. Gen. L. C. 110H §§ 11-14, 16, and dilution under Massachusetts law, Mass. Gen. L. C. 110H § 16, and through this action, demands that Golden Goose cease selling its Dad-Star shoe.

15. An actual, present and justiciable controversy thus exists between New Balance and Golden Goose concerning the validity of New Balance's asserted common law trade dress rights in its 990 shoe.

## PRAYER FOR RELIEF

WHEREFORE, Golden Goose prays that the Court enter judgment in its favor as follows:

A. Declaring that the overall design of the 990 shoe in any of its six iterations, or collectively, does not constitute protectable trade dress because the design is functional and lacks secondary meaning and therefore does not function as an indicator of source;

B. Declaring that this case is exceptional and awarding Golden Goose its costs and attorneys' fees; and

C. Awarding Golden Goose all such other and further relief as this Court may deem just and proper.

Dated:  Boston, Massachusetts
　　　　February 2, 2024

By: /s/ *John P. Margiotta*
　　John P. Margiotta (admitted *pro hac vice*)
　　jmargiotta@fzlz.com
　　Shelby P. Rokito (admitted *pro hac vice*)
　　srokito@fzlz.com
　　FROSS ZELNICK LEHRMAN & ZISSU, P.C.
　　151 West 42nd Street, 17th Floor
　　New York, New York 10036
　　Tel: (212) 813-5900

　　Jennifer Furey (BBO No. 634174)
　　jfurey@goulstonstorrs.com
　　GOULSTON & STORRS P.C.
　　400 Atlantic Avenue
　　Boston, Massachusetts 02110-3333
　　Tel: (617) 574-2259

　　*Attorneys for Defendant Golden Goose USA, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on February 2, 2024, I electronically filed the foregoing with the Clerk's Office using the Court's CM/ECF system, which will send notification of this filing (NEF) to all registered participants, and paper copies will be sent to those indicated as non-registered participants.

                                     /s/ Jennifer B. Furey
                                          Jennifer B. Furey