**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| NEW BALANCE ATHLETICS, INC., *Plaintiff*, v. GOLDEN GOOSE USA, INC. *Defendant*. | Civil Action No. 23-cv-11898-WGY |
| GOLDEN GOOSE USA, INC., *Counterclaim-Plaintiff*, v. NEW BALANCE ATHLETICS, INC. *Counterclaim-Defendant*. | |

**PLAINTIFF NEW BALANCE ATHLETICS, INC.'S ANSWER TO**
**DEFENDANT GOLDEN GOOSE USA, INC.'S COUNTERCLAIMS**

Plaintiff (Counterclaim Defendant) New Balance Athletics, Inc., ("New Balance" or "Plaintiff") hereby answers the Counterclaims ("Counterclaims") by Defendant Golden Goose USA, Inc. ("Golden Goose" or "Defendant"). Except to the extent expressly admitted herein, New Balance denies each and every allegation of the Counterclaims.

Except as otherwise noted, the following headings and numbered paragraphs correspond to those set forth in the Counterclaims. New Balance does not admit the truth of any allegation contained in those headings.

**PARTIES**

1. New Balance admits Paragraph 1 of the Counterclaims.

2. New Balance admits Paragraph 2 of the Counterclaims.

1

## JURISDICTION AND VENUE

3. The allegations in Paragraph 3 of the Counterclaims state conclusions of law to which no answer is required. To the extent an answer is required, New Balance denies that all cited statues are relevant or applicable but admits that this Court has subject matter jurisdiction over the Counterclaims. Except as expressly admitted herein, New Balance denies the allegations in Paragraph 3 of the Counterclaims.

4. The allegations in Paragraph 4 of the Counterclaims state conclusions of law to which no answer is required. To the extent an answer is required, New Balance admits that this Court has personal jurisdiction over it. Except as expressly admitted herein, New Balance denies the allegations in Paragraph 4 of the Counterclaims.

5. New Balance admits that its principal place of business is in Boston, Massachusetts. The allegations in Paragraph 5 of the Counterclaims otherwise state conclusions of law to which no answer is required. To the extent an answer is required, New Balance admits that venue is proper in this judicial district.

## FIRST COUNTERCLAIM
**(Declaration of No Common Law Trade Dress Rights in the New Balance 990 Shoe)**

6. The allegations in Paragraph 6 of the Counterclaims state conclusions of law to which no answer is required. To the extent that an answer is required, New Balance denies the allegations in Paragraph 6 of the Counterclaims.

7. New Balance admits that Golden Goose sells footwear in the United States. New Balance states that it lacks knowledge or information sufficient to confirm the truth of the allegation that Golden Goose sells footwear under a "mark" and therefore denies such allegations.

8.  New Balance admits that it sells footwear in the United States and that it sells footwear under the NEW BALANCE mark.

9.  New Balance admits that it claims trade dress rights in a combination of certain elements, defined in Paragraphs 41-43 of its Complaint ("990 Trade Dress"). New Balance otherwise denies the remaining allegations in Paragraph 9 of the Complaint.

10. New Balance admits that on August 18, 2023, it filed a Complaint including counts of False Designation of Origin, Trademark Infringement, and Dilution based on Golden Goose's sale, offering for sale, distribution, and/or advertising of its "Dad-Star" footwear. Except as expressly admitted herein, New Balance denies the allegations in Paragraph 10 of the Complaint.

11. The allegations in Paragraph 11 of the Counterclaims state conclusions of law to which no answer is required. To the extent that an answer is required, New Balance denies the allegations in Paragraph 11 of the Counterclaims.

12. The allegations in Paragraph 12 of the Counterclaims state conclusions of law to which no answer is required. To the extent that an answer is required, New Balance denies the allegations in Paragraph 12 of the Counterclaims.

13. The allegations in Paragraph 13 of the Counterclaims state conclusions of law to which no answer is required.

14. New Balance admits that it brought claims against Golden Goose for false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a), trademark infringement under Massachusetts law, Mass. Gen. L. C. 110H §§ 11-14, 16, and dilution under Massachusetts law, Mass. Gen. L. C. 110H § 16, and that it has asked the Court to enjoin Golden Goose from selling the Dad-Star footwear. The allegation that "the 990 shoe has not acquired secondary meaning, is

functional and non-source identifying" states conclusions of law to which no answer is required. To the extent that an answer is required, New Balance denies the allegations.

15. The allegations in Paragraph 15 of the Counterclaims state conclusions of law to which no answer is required.

## PRAYER FOR RELIEF

A. The allegations in Paragraph A of the Counterclaims state conclusions of law to which no answer is required. To the extent that an answer is required, New Balance denies the allegations in Paragraph A of the Counterclaims.

B. Paragraph B of the Counterclaims makes a demand for relief to which no answer is required. To the extent that an answer is required, New Balance denies the allegations in Paragraph B of the Counterclaims.

C. Paragraph C of the Counterclaims makes a demand for relief to which no answer is required. To the extent that an answer is required, New Balance denies the allegations in Paragraph C of the Counterclaims.

Dated: February 22, 2024

By: */s/ Mark S. Puzella*

ORRICK, HERRINGTON & SUTCLIFFE LLP

Mark S. Puzella (BBO# 644850)
R. David Hosp (BBO# 634091)
Sheryl Garko (BBO# 657735)
Laura B. Najemy (BBO# 678756)
Ashlie S. Smith (BBO# 698623)
222 Berkeley Street, Suite 2000
Boston, MA 02116
Telephone: 617.880.1800
Facsimile: 617.880.1801
mpuzella@orrick.com
dhosp@orrick.com
sgarko@orrick.com
lnajemy@orrick.com
ashlie.smith@orrick.com

5

          Lindsay Rindskopf (*pro hac vice*) (NY# 5766985)
          51 W 52nd Street
          New York, NY 10019
          Telephone: (212) 506-5000
          Facsimile: (212) 506-5151
          lrindskopf@orrick.com

***Attorneys for Defendant,***
***New Balance Athletics, Inc.***

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 22, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the attorneys of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Mark S. Puzella*
Mark S. Puzella